UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
CHUKWUMA E. AZUBUKO,          )
     Plaintiff                )
                              )
                              )           CIVIL ACTION
v.                            )           NO. 05-11777-REK
                              )
                              )
MBNA AMERICA BANK and EXPERIAN)
INFORMATION SOLUTIONS, INC.,  )
     Defendants               )
_____)

**Memorandum and Order**
November 22, 2005

Pending for decision are matters related to the following filing:

(1) Plaintiff's First and Last Motion for Reconsideration (Docket No. 33, filed October 26, 2005).

**I.  Procedural History**

Plaintiff Chukwuma E. Azubuko a/k/a Chukwu E. Azubuko and Azubuko Chukwu initially filed this suit in the Eastern District of Tennessee at Knoxville on January 21, 2005, alleging some sort of negligence claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (2001), against MBNA America Bank ("MBNA"), a Delaware corporation, and Experian Information Solutions, Inc. ("Experian"), a corporation with its principal place of business in Texas.  (Docket No. 2.)  On August 22, 2005, Judge Phillips of the Eastern District of Tennessee at Knoxville transferred this case to the District of Massachusetts, granting MBNA's

motion to dismiss for improper venue. Azubuko v. MBNA America et al., 2005 WL 2139407 at *1 (E.D. Tenn. Aug. 22, 2005).

In a Memorandum and Order issued on October 20, 2005, I dismissed plaintiff's complaint with prejudice because of his "bad faith" attempt to circumvent Chief Judge Young's Order requiring him to receive leave to file any document within the District of Massachusetts. (Docket No. 30.) I also directed the clerk to enter a Final Judgement reflecting that decision on October 20, 2005. (Docket No. 31.) Following the issuance of that Final Judgment, plaintiff filed Plaintiff's First and Last Motion for Reconsideration on October 26, 2005. (Docket No. 33.) Neither defendant has filed an opposition to plaintiff's motion.

### III.  Analysis

Plaintiff requests that the court reconsider its Memorandum and Order of October 20, 2005, because "[(i)] [a]nyone who understood the United States' Constitution and Law would not condescend to restriction of anyone's access to the courts[,] [(ii)] [t]he [p]laintiff was not the author of double jeopardy...constitutional law...doctrine[,] [(iii)] [t]he restrictive order of Judges [sic] Young should be dissociated from the case central to *sub judice*[,] [(iv)] [t]he verdict hitherto mountainously violated the law[,] [(vi)] [t]he [p]laintiff did not waste any court's resources[, and] [(vii)] [t]he [p]laintiff could not understand the rationale/s for the [c]ourt's palpable anger at the [p]laintiff's usage of courts." (Docket No. 33.) None of plaintiff's reasons persuade me, and thus plaintiff's motion for reconsideration is denied.

Motions for reconsideration are generally considered either under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, depending on the time such a motion is served. Perez-

2

Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993).  When a plaintiff, such as Azubuko, files his motion within ten days of the final judgment, Rule 59 applies.  See id. (stating that "[i]f a motion is served within ten days of the rendition of judgment, the motion will ordinarily fall under Rule 59(e) [and] [i]f the motion is served after that time it falls under Rule 60(b)"); see also Fed. R. Civ. P. 59(e) (requiring motion to alter or amend judgment to be filed "no later than 10 days after entry of the judgment").

Rule 59(e) of the Federal Rules of Civil Procedure allows for the alteration or amendment of judgments wherein the movant must demonstrate an intervening change in the law, the discovery of new evidence, or a clear error of law or fact in the first order.  Ayer v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997).  A motion for reconsideration should not "give the losing party the opportunity to simply reargue its losing points and authorities," Coffin et al. v. Bowater Inc. et al., 2005 WL 3021979 at *1 (D. Me. Nov. 10, 2005), or to "repeat old arguments previously considered and rejected," Villanueva-Mendez v. Nieves Vazquez, 360 F.Supp. 2d 320, 323 (D.P.R. 2005).

Here, plaintiff does nothing more than reiterate the frivolous arguments that he raised within his original complaint.  None of plaintiff's seven reasons for filing this motion for reconsideration, listed above, persuades me to grant his motion.  In fact, plaintiff's motion, like his complaint, is a mêlée of insults, irrelevant historical facts, confusing adages about crying for "judicial moon[s]", and, of course, references to apartheid.  (Docket No. 33.)  Furthermore, plaintiff's motion does nothing more than argue his losing points and authorities, precisely what a motion for reconsideration must not do.  No argument within his motion is comprehensible, let alone new, nor does plaintiff present any new legal theories for his claim.  In fact, plaintiff's

motion for reconsideration raises no legal theories for reconsidering, altering, or amending the final judgment and instead discusses such niceties as the differences between shopping and stopping as well as the "prostitution of...fiscal and physical resources." (Id. at 3.)  Simply, plaintiff raises the same incoherent and irrelevant points that he raised within his complaint and attempts to again present his frivolous case before this court in the form of a motion for reconsideration.  Plaintiff's attempts are insufficient for me to grant his motion for reconsideration.

Therefore, plaintiff's motion for reconsideration is denied, and this case is now closed.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) Plaintiff's First and Last Motion for Reconsideration (Docket No. 33, filed October 26, 2005) is DENIED.

(2) The clerk is instructed to enter on a separate document a Final Judgment stating:

For the reasons stated in the Memorandum and Order of this date, it is hereby ORDERED:

(1) Plaintiff's First and Last Motion for Reconsideration (Docket No. 33, filed

October 26, 2005) is DENIED.

        (2) This case is now CLOSED.

                                                    ____/s/Robert E. Keeton__
                                                       Robert E. Keeton
                                      Senior United States District Judge